UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TINA MCPHERSON,

        Plaintiff,        Case Number 20-13152

v.        Honorable David M. Lawson

SUBURBAN ANN ARBOR, LLC,

        Defendant.
_____/

**<u>OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR ENHANCED DAMAGES, GRANTING PLAINTIFF'S MOTION FOR PREJUDGMENT INTEREST, AND DENYING PLAINTIFF'S MOTION FOR IMMEDIATE ENFORCEMENT OF JUDGMENT</u>**

A jury returned a verdict in favor of the plaintiff on her claims under the Fair Credit Reporting Act (FCRA), Equal Credit Opportunity Act (ECOA), Michigan Regulation of Collection Practices Act (MRCPA), Michigan Motor Vehicle Sales Finance Act (MMVSFA), and Michigan Credit Reform Act (MCRA), and for improper repossession under the Uniform Commercial Code (U.C.C.), and conversion of personal property. The jury awarded the plaintiff $15,000 in actual damages, answered a special interrogatory fixing the value of the converted property at $23,000, and also awarded the plaintiff $350,000 in punitive damages. The plaintiff now seeks to recover treble damages on the conversion claim, along with three times her actual damages for the violation of Michigan's Regulation of Collection Practices Act. She also asks the Court to award prejudgment interest at an unspecified rate and in an indeterminate sum, and she asks the Court to permit immediate enforcement of the judgment contrary to the usual 30-day stay of execution under Federal Rule of Civil Procedure 62(a). The parties have submitted supplemental statements suggesting prejudgment interest calculations.

Enhanced damages are discretionary under Michigan law, and the Court believes that the punitive damage award serves the purpose of such an award. The Court, therefore, will deny the motion to treble the awards. If the defendant seeks remittitur of that aspect of the verdict, however, the Court will revisit that determination. The plaintiff is entitled to prejudgment interest from the date the complaint was filed on all claims. There is no good reason offered to depart from the 30-day stay of judgment enforcement under Rule 62(a), and that motion will be denied.

I. Background

The plaintiff sued the defendant car dealership based on an alleged bait-and-switch or so-called "yo-yo" automobile sale transaction where the plaintiff was sold a motor vehicle under a purchase contract disclosing certain finance terms, and the defendant later attempted to unwind the transaction and compel the plaintiff to accept different financing terms, eventually repossessing the car when she did not accede to the defendant's demands. After a lengthy period of discovery and dispositive motion practice the case proceeded to trial. On November 3, 2023, the jury returned a verdict for the plaintiff on all of her federal claims under the FCRA and ECOA, and on all her claims under Michigan law, which are the MRCPA, MMVSFA, and MCRA, as well as on her claims for improper repossession under the U.C.C. and conversion of personal property. The jury also answered a special interrogatory finding that the defendant's violation of the MRCPA was willful. The jury awarded the plaintiff $15,000 in actual damages, answered a special interrogatory fixing the value of the converted property at $23,000, and also awarded the plaintiff $350,000 in punitive damages.

After the verdict was returned, the Court directed the plaintiff to file an appropriate motion stating her position on whether any part of the damage award should be multiplied. The plaintiff also filed a motion for an award of prejudgment interest, and a motion for leave to undertake

execution of the judgment immediately upon entry, curtailing the usual stay of execution under Federal Rule of Civil Procedure 62.

## II. Enhanced Damages

At least two Michigan statutes permit the Court to multiply a jury damage award under certain circumstances. Under the MRCPA, the Court may order a defendant to pay a "civil fine of not less than 3 times the actual damages" if the Court finds that the defendant's conduct amounted to a "a willful violation" of the Act. Mich. Comp. Laws § 445.257(2). The conversion statute likewise authorizes an award of "3 times the amount of actual damages sustained" if the defendant is found liable for "converting property to the [defendant]'s own use." Mich. Comp. Laws § 600.2919a(1)(a).

The plaintiff contends that the Court should treble the $15,000 actual damage verdict for her MRCPA claim and enhance the recovery for her statutory conversion claim by multiplying by three the value of the converted property, which the jury found to be $23,000. She reasons that (1) the defendant knew that it was violating the MRCPA and wrongfully converting the plaintiff's property, (2) as a licensed dealer in the heavily regulated market of auto sales, it had a "higher duty" to comply with applicable licensing provisions and regulations on motor vehicle sales, (3) the injury to the plaintiff was the product of an established practice of regulatory violations undertaken by the defendant to enrich itself, (4) the defendant's trial strategy was to advance a wholly unrepentant stance that it admittedly had violated the law, but that it was not culpable because it only later learned that what it was doing was illegal, (5) the defendant was warned about its illegal practices by Michigan regulatory authorities, (6) the plaintiff was not the only victim of the defendant's persistent abusive practices, and (7) the defendant's wrongful conduct persisted

over months of unlawful attempts to persuade the plaintiff to renegotiate the purchase, and when it was given every opportunity to relent and right the wrong, it steadfastly refused to do so.

The defendant responds that (1) treble damages under the conversion statute generally are recognized by Michigan courts as a species of "punitive damages," (2) in general under Michigan law a plaintiff must prove willful conduct by a defendant in order to recover punitive damages, (3) the jury's finding of willfulness only applied to the MRCPA claim, and it was not asked to pass on the willfulness of the conversion, (4) the MRCPA makes imposition of a civil fine discretionary, not mandatory, (5) the defendant admitted its culpability at trial, and espoused its honest belief that it was trying to help the plaintiff by offering her a "better deal" through alternative financing, and (6) the plaintiff has not presented persuasive grounds for further multiplication of damages, particularly where she already received a large punitive damage award.

Enhancing damages under these statutes is committed to the Court's discretion. The plaintiff acknowledges that premise for the conversion statute. And the cases make clear that "the trial court [is] entrusted with the discretion to treble — or not treble — the damages under Mich. Comp. Laws § 600.2919a(1), which states that plaintiffs harmed by conversion 'may recover 3 times the amount of action damages sustained.'" *Jackson v. Bulk AG Innovations, LLC*, 342 Mich. App. 19, 27-28, 993 N.W.2d 11, 16 (2022).

The plaintiff maintains, however, that trebling damages under the MRCPA is mandatory, despite the identical language used in each of the statutes. *See* Mich. Comp. Laws § 600.2919a(1)(a) (conversion) (a plaintiff "*may* recover 3 times the amount of the actual damages"); Mich. Comp. Laws § 445.257(2) (MRCPA) ("the court *may* assess a civil fine") (emphases added). The plaintiff offers no authority in support of that argument, and case law interpreting the word "may" refutes it. *Jackson*, 342 Mich. App. at 27-28, 993 N.W.2d at 16 ("As we have explained in

- 4 -

discussing this language from Mich. Comp. Laws § 600.2919a, '[t]he term "may" is permissive and indicates discretionary activity.'") (quoting *Aroma Wines & Equip., Inc. v. Columbian Distrib. Servs., Inc.*, 303 Mich. App. 441, 449, 844 N.W.2d 727, 732 (2013), *aff'd* 497 Mich. 337, 871 N.W.2d 136 (2015)).

The plaintiff in this case already received an award of punitive damages that is more than 9.2 times the amount of her actual damages as determined by the jury. That multiplier, as the Supreme Court has held, is on the cusp of excessive punitive damage awards that may trench on due process concerns. In *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), the Court observed that punitive damages exceeding "single digit" multiples of an actual damage award may survive due process scrutiny only in the most exceptional cases. *Id.* at 582 ("[L]ow awards of compensatory damages may properly support a higher ratio than high compensatory awards, if, for example, a particularly egregious act has resulted in only a small amount of economic damages. A higher ratio may also be justified in cases in which the injury is hard to detect or the monetary value of noneconomic harm might have been difficult to determine."); *see also State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) ("Our jurisprudence and the principles it has now established demonstrate . . . that, in practice, few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process."); *Kidis v. Reid*, 976 F.3d 708, 715-16 (6th Cir. 2020) ("In more extreme cases, where many or all of the reprehensibility factors are satisfied, due process still constrains an ensuing punitive damages award. In those cases, a punitive damages award of more than four times the amount of compensatory damages might be close to the line of constitutional impropriety. A higher ratio may be justified where the compensatory damages award is relatively low, yet even then, a nine-

to-one ratio between punitive and compensatory damages is likely the outer limit that due process will permit.") (cleaned up).

Here, the jury awarded significant economic damages amounting to $38,000, so this is not the sort of case where merely nominal or trivial actual damages were assessed, resulting in a disproportionate multiplier with any significant award of punitive damages. On the other hand, the defendant's conduct in this case certainly justifies a damage award that exceeds actual damages for all the reasons punitive damages are permitted: "to punish the defendant for wrongful conduct and to deter others from similar conduct in the future." *Lindenberg v. Jackson Nat'l Life Ins. Co.*, 912 F.3d 348, 362 (6th Cir. 2018) (citation omitted); *see also Browning-Ferris Indus. of Vt., Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 292 (1989) ("Damages are designed not only as a satisfaction to the injured person, but likewise as punishment to the guilty, to deter from any such proceeding for the future and as a proof of the detestation of the jury to the action itself.") (quoting *Wilkes v. Wood*, Lofft. 1, 18-19, 98 Eng. Rep. 489, 498-499 (K.B. 1763)). The defendant here misrepresented the status of the finance contract, attempted to coerce the plaintiff into signing a different deal that contained terms that she deemed unfavorable to her (e.g., a mandatory arbitration clause), and then repossessed the vehicle that was titled in her name, all because the dealership wanted to avoid the legal consequence of carrying the finance paper, which is what the law required under those circumstances.

Nonetheless, the jury's punitive damage award vindicated those concerns. Trebling the actual damages is not necessary to achieve a just result. Moreover, in light of the clear due process concerns presented by a large punitive damage award skirting the outer boundary of single-digit multiples, and the absence of any additional features of the case that otherwise might justify an

even more extreme multiplier, the proper exercise of discretion is to reject any further multiple damages.

At oral argument on the motion, defense counsel signaled her intention to file a remittitur motion addressing punitive damages. If such a motion is filed and granted, it may be appropriate to revisit the ruling on the motion to enhance damages. That determination, however, will await another day. For now, the motion to enhance the damages in the jury's verdict will be denied.

### III. Prejudgment Interest

The plaintiff argues broadly that prejudgment interest is provided for by state law on several components of the damage award including compensatory and punitive damages. The defendant concedes that an award of prejudgment interest is required under Michigan state law as to the value of the property converted, and only from the date of filing of the complaint. However, it argues that the award of prejudgment interest on all of the other claims is left to the Court's discretion under applicable state and federal law, and the Court should decline the request for prejudgment interest based on the same equitable factors argued above in relation to the multiplication of damages.

"Prejudgment interest is a measure that 'serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress.'" *Schneider v. Cnty. of San Diego*, 285 F.3d 784, 789 (9th Cir. 2002) (quoting *West Virginia v. United States*, 479 U.S. 305, 311 n.2 (1987)). "The essential rationale for awarding prejudgment interest is to ensure that an injured party is fully compensated for its loss." *City of Milwaukee v. Cement Div., Nat. Gypsum Co.*, 515 U.S. 189, 195 (1995).

"The general rule is that in the absence of a statutory provision the award of prejudgment interest is in the discretion of the court." *Bricklayers' Pension Tr. Fund v. Taiariol*, 671 F.2d 988, 990 (6th Cir. 1982). "[T]he decision to award prejudgment interest 'should be a function of (i) the need to fully compensate the wronged party for actual damages suffered, (ii) considerations of fairness and the relative equities of the award, (iii) the remedial purpose of the statute involved, [and] (iv) such other general principles as are deemed relevant by the court.'" *In re ClassicStar Mare Lease Litig.*, 727 F.3d 473, 495 (6th Cir. 2013) (quoting *Wickham Contracting Co. v. Local Union No. 3, IBEW, AFL-CIO*, 955 F.2d 831, 833-34 (2d Cir.1992)).

In a federal diversity case, state law governs whether prejudgment interest should be awarded. *Conte v. Gen. Housewares Corp.*, 215 F.3d 628, 633 (6th Cir. 2000). However, "[t]his circuit adheres to the rule that in an action based on federal question jurisdiction, the award of prejudgment interest is committed to the sound discretion of the trial court." *Young v. Langley*, 840 F.2d 19, 1988 WL 12805, at *1 (6th Cir. 1988) (table decision) (citing *E.E.O.C. v. Wooster Brush Co. Emps. Relief Assoc.*, 727 F.2d 566, 579 (6th Cir. 1984); *Bricklayers' Pension Tr. Fund v. Taiariol*, 671 F.2d 988, 990 (6th Cir. 1982)). The Court exercised its federal question jurisdiction in this case, due to the pleading of claims under federal law including the Fair Debt Collection Practices Act.

The plaintiff is entitled to prejudgment on her state law claims, which include the value of the converted property, set by the jury at $23,000. *See* Mich. Comp. Laws § 600.6013(8). The other compensatory award of $15,000 was made generally, and the jury did not allocate it among the state and federal claims; the jury determined liability in the plaintiff's favor on all of them, save the Truth in Lending Act claim. Prejudgment interest on that award is discretionary. Despite the substantial punitive damage verdict, the factors favor an award of prejudgment on the

compensatory components of the verdict. The plaintiff entered into a contract with the defendant in good faith to purchase a vehicle and finance the purchase. The defendant breached that agreement, refused to honor the financing terms, kept her deposit, and took the car back, leaving her without any means of transportation. She had to file a lawsuit to realize the compensation due her. She remains uncompensated, and interest on the money owed is necessary to remedy that wrong. The relative equities favor her. And the statutes under which she recovered are intended to be remedial and to prevent the conduct proscribed by them.

The question remains how prejudgment interest should be calculated. "Because . . . the federal courts need not incorporate state law as the federal common law rule for the applicable prejudgment interest rate, . . . the determination of the prejudgment interest rate [is] within the sound discretion of the district court." *Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 619 (6th Cir. 1998). "Although a district court may look to state law for guidance in determining the appropriate prejudgment interest rate, we have held previously that the statutory postjudgment framework set forth in 28 U.S.C. § 1961 is a reasonable method for calculating prejudgment interest awards." *Ibid.* The method prescribed by section 1961(a) will be used here, that is, "at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding" the date of filing the complaint.

The plaintiff agrees that interest should run from the date of filing the complaint on all the claims except the conversion claim. For that, she contends that interest should be calculated from the date the property was converted.

"In a conversion action, interest from the date of conversion to the date of entry of judgment is to be included in the damages calculation." *Newberry State Bank v. N. Microsystems, Inc.*, No. 193110, 1998 WL 1991634, at *3 (Mich. Ct. App. June 2, 1998) (citing *Holcomb v. Bullock*, 353

Mich. 514, 525, 91 N.W.2d 869, 874 (1958)). However, "[t]he concept of common-law interest as an element of damages is distinct from an award of statutory prejudgment interest." *Ibid.* (citing Mich. Comp. Laws § 600.6013). A claim for interest between the date of the event and the date of filing the complaint (when the prejudgment interest statute takes over) is compensable, but such a claim must be submitted to the jury. *See Davis v. Jackson Pub. Sch.*, No. 344203, 2020 WL 3621292, at *17 (Mich. Ct. App. July 2, 2020) ("It is the jury's role to determine the amount of damages, and it is not for this Court to usurp the role of the jury 'to decide what amount is necessary to compensate the plaintiff.'") (quoting *Landin v. Healthsource Saginaw, Inc.*, 305 Mich. App. 519, 547, 854 N.W.2d 152, 171 (2014)). In any event, an award of statutory interest from the date of filing in combination with prejudgment interest as an element of damages must not result in a double recovery for the plaintiff. *See ibid.* ("[In addition to prejudgment interest from the date of the conversion,] [p]laintiff is also entitled to statutory interest pursuant to M.C.L. § 600.6013, . . . but only to the extent that it does not result in a double recovery for plaintiff."). The Court will calculate the amount of prejudgment interest for all claims beginning on the date the complaint was filed.

The parties each submitted supplemental filings with their interest calculations under various methods. There is a slight difference between the two amounts. The Court believes that the defendant's calculation is accurate. The Court will award prejudgment interest on the $23,000 conversion award of $3,894.11, and on the $15,000 compensatory award for the rest of the claims of $2,539.64.

### IV. Immediate Execution

Federal Rule of Civil Procedure 62(a) automatically stays execution on a judgment for 30 days "unless the court orders otherwise." The plaintiff moves to terminate that stay immediately,

arguing that the defendant has proven itself to be a "recalcitrant litigant," and, based on conversations between counsel during settlement negotiations, the plaintiff believes that the defendant entity has been unwound and is devoid of assets, and that it fraudulently undertook to distribute all its assets to its principals or unrelated parties to avoid paying the anticipated judgment. She is concerned that the judgment debtor's assets may be dissipated further beyond her reach during the stay period.

The defendant responds that the plaintiff has presented no evidence supporting the unfounded claim that it has dissipated or is in the process of dissipating assets, and in cases of similar accusations district courts have denied motions to dissolve the automatic stay based on the absence of any such evidence to show a danger of dissipation. The defendant also points out that that the plaintiff has adequate legal remedies to protect her rights that could be undertaken at the appropriate time.

"[T]he Federal Rules of Civil Procedure generally stay the execution or enforcement of a district court judgment for only 30 days after its entry. Fed. Rule Civ. Proc. 62(a)." *City of San Antonio, Texas v. Hotels.com, LP*, 593 U.S. 330, 333 (2021). "Unless a further stay is granted, the prevailing party can attempt to execute on that judgment while an appeal is pending." *Ibid.* However, "[t]o prevent complications arising from pre-appeal enforcement of judgments," Rule 62(b) allows a party to post a supersedeas bond to stay judgment enforcement. *Id.* at 333-34. "The advisory note [for Rule 62] explains that a court may dissolve a stay in unusual circumstances, such as 'a risk that the judgment debtor's assets will be dissipated.'" *Deutsche Bank Nat'l Tr. Co. v. Cornish*, 759 F. App'x 503, 505 (7th Cir. 2019).

As the defendant points out correctly, the plaintiff has presented no evidence of any allegedly fraudulent disposition of assets by the defendant either previously or presently. The

- 11 -

motion does not incorporate any offer of proof, nor is it accompanied by any affidavit testimony or documentary evidence demonstrating that the defendant unlawfully has sequestered any assets beyond the reach of the plaintiff's recovery. In the absence of such evidence, and particularly where the plaintiff has adequate legal process at hand to vindicate her interests as a judgment creditor, courts have declined requests to dissolve the automatic stay. *E.g.*, *Deutsche Bank Nat'l Tr. Co. v. Cornish*, 759 F. App'x 503, 505 (7th Cir. 2019) ("The lender in this case has not shown . . . that there is such a risk [of asset dissipation] here, as might be the case if insurance or property taxes were not paid or if the property were abandoned or being neglected. The [appellee] has the security it bargained for, and the appeal should proceed in the ordinary course.").

Shortly before trial, the Court denied a request to adjourn the trial and for a pre-judgment levy of assets, which was motivated by the same concerns about collectability. The same grounds for the denial of that motion apply with equal force now:

> [T]he plaintiff's rights to recover any assets allegedly wrongfully transferred adequately are protected by operation of law. Under the Michigan Uniform Voidable Transactions Act (MUVTA), Mich. Comp. Laws § 566.31 *et. seq.*, property transfers are voidable when made "(a) with actual intent to hinder, delay, or defraud any creditor of the debtor" or "(b) without receiving a reasonably equivalent value in exchange for the transfer or obligation" and the creditor "(ii) intended to incur, or believed or reasonably should have believed that the debtor would incur, debts beyond the debtor's ability to pay as they became due." Mich. Comp. Laws 566.34(1)(a)-(b)(ii). The MUVTA defines a debtor as a "person liable on a claim." Mich. Comp. Laws § 566.31(f). Similarly, a creditor is a "person that has a claim." *Id.* § 566.31(d). A claim is "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." *Id.* § 566.31(c). If, as the plaintiff contends, the defendant acted in derogation of her rights as a judgment creditor, she may take appropriate action under the law to enforce those rights.
>
> [Additionally], the defendant is (or was) organized as a limited liability company (LLC) in the State of Michigan, and its operations therefore are governed by the state's Limited Liability Company Act, Mich. Comp. Laws § 450.4101 *et seq*. That statute prohibits an LLC from making any distributions to members that would render it insolvent. *See* Mich. Comp. Laws § 450.4307(1). The statute further provides that a member of a limited-liability company who assents to or receives a

>   distribution in violation of Mich. Comp. Laws § 450.4307 is "personally liable, jointly and severally, to the limited liability company for the amount of the distribution." Mich. Comp. Laws § 450.4308. If the defendant's principal acted contrary to the law to contrive the defendant's insolvency and frustrate the satisfaction of any judgment that the plaintiff obtains, then she may pursue appropriate legal remedies to claw back any allegedly wrongful distributions.

Order Denying Plf.'s Motion for Injunctive Relief, ECF No. 141, PageID.3009-10. The same remedies that the Court recognized as available then remain available to the plaintiff if and when legal grounds may arise to pursue them.

The plaintiff has not put forth any evidence to substantiate her espoused concerns about the defendant's dissipation of assets, and she has adequate legal remedies to protect her interests and to recover any allegedly fraudulently conveyed property that should be applied to pay her judgment. The motion prospectively to dissolve the automatic stay of the judgment under Rule 62(a) will be denied.

## V. Conclusion

The Court does not find an adequate basis to enhance the compensatory damages awarded by the jury in this case. The plaintiff is entitled to prejudgment interest on the compensatory awards to run from the date of filing the complaint in this case. The Court does not find an adequate basis to prematurely dissolve the automatic stay of judgment enforcement established by Federal Rule of Civil Procedure 62(a).

Accordingly, it is **ORDERED** that the plaintiff's motion to enhance damages (ECF No. 155) is **DENIED**.

It is further **ORDERED** that the plaintiff's motion for prejudgment interest (ECF No. 163) is **GRANTED**. The plaintiff may recover prejudgment interest on the $23,000 conversion award in the amount of $3,894.11, and on the $15,000 compensatory award for the rest of the claims in

- 14 -

the amount of $2,539.64. No prejudgment interest will be awarded on the punitive damage award of $350,000. Judgment will enter for the plaintiff in the amount of $394,433.75.

It is further **ORDERED** that the plaintiff's motion for immediate enforcement of the judgment (ECF No. 164) is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: February 28, 2024